Joshua M. Masur (Cal. Bar. No. 203510)
*masur@turnerboyd.com*
Robert J. Kent (Cal. Bar. No. 250905)
*kent@turnerboyd.com*
TURNER BOYD LLP
702 Marshall Street, Suite 640
Redwood City, CA 94063
Telephone: (650) 521-5930
Facsimile: (650) 521-5931

Attorneys for Defendants
ASUSTek COMPUTER INC. and
ASUS COMPUTER INTERNATIONAL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXUS DISPLAY TECHNOLOGIES LLC,<br><br>Plaintiff,<br><br>v.<br><br>ASUSTek COMPUTER INC. and ASUS COMPUTER INTERNATIONAL,<br><br>Defendants. | Case No.: 2:15-cv-02401-JVS-DFM<br><br>**DEFENDANTS ASUS COMPUTER INTERNATIONAL AND ASUSTEK COMPUTER, INC.'S ANSWER TO AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>Judge: Honorable James V. Selna |

ANSWER TO AMENDED COMPLAINT

CASE NO.: 2:15-cv-02401-JVS-DFM

Defendants Asus Computer International ("ACI") and ASUSTeK Computer Inc. ("ASUSTeK") (collectively, "ASUS"), by and through its undersigned counsel, responds to the September 8, 2015 Amended Complaint for Patent Infringement (the "Complaint") of Plaintiff Nexus Display Technologies LLC ("Plaintiff" or "NDT") by answering as follows:

## ANSWER

## NATURE OF THIS ACTION

1. ASUS presently lacks knowledge of the factual allegations in this paragraph and on that basis denies them.

## THE PARTIES

2. ASUS admits that ASUSTeK is a corporation organized under the laws of the Republic of China (also known as Taiwan) and has a principal place of business at No. 15, Li-Te Road, Peitou, Taipei 112, Taiwan, R.O.C.

3. Admitted.

## JURISDICTION AND VENUE

4. Admitted.

5. ASUS admits that it has done business in the Central District of California. ASUS does not challenge venue in this District. ASUS denies the remaining allegations of this paragraph.

## COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,295,578

6. ASUS admits that U.S. Patent No. 7,295,578 bears a facial issue date of November 13, 2007 and is entitled "Method And Apparatus For Synchronizing Auxiliary Data And Video Data Transmitted over A TMDS-Like Link." ASUS presently lacks knowledge regarding the nature and extent of Plaintiff's rights, title, and interest in and to the '578 Patent, and on that basis denies such allegations. ASUS admits that it has no express license directly from Plaintiff to the '578 Patent, but denies that it needs such license, and specifically avers that it is

informed and believes that it is a third-party beneficiary to at least a license between Plaintiff or its predecessor and Intel Corporation. ASUS denies the remaining allegations of this paragraph, including that the '578 Patent was duly and legally issued, and that ASUS practices the '578 patent at all, much less "knowingly, actively, or lucratively."

7. ASUS responds to NDT's allegation that, "[u]pon information and belief, ASUS has infringed directly and continues to infringe directly the '578 Patent," by objecting that NDT's complaint evidences a failure to perform an adequate pre-filing investigation into the accused instrumentalities, and ASUS accordingly intends to seek a determination, pursuant to 35 U.S.C. § 285, that this case is exceptional. ASUS denies the allegations of this paragraph, including, specifically, that ASUSTeK has engaged in any relevant activities in the United States; that ACI has made any product in the United States, including but not limited to the listed products; and that any product that ASUS has manufactured, used, sold, imported, and/or offered for sale infringes any valid claim of the '578 patent.

8. ASUS denies that it has infringed any valid claim of the '578 patent. ASUS further denies that Plaintiff has suffered any damage due to any action of ASUS, that Plaintiff is entitled to any monetary damages from ASUS, that ASUS has caused Plaintiff any harm. ASUS avers that the remaining allegations of this paragraph are purported conclusions of law to which no response is required, but for avoidance of doubt, ASUS denies such allegations.

9. ASUS admits that it first had knowledge of the '578 Patent when the complaint in this action was served. ASUS denies that this has any bearing on the issue of willfulness, and denies that it had knowledge of said patent prior to service of the complaint. ASUS denies the remaining allegations in this paragraph.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,143,328**

10. ASUS admits that U.S. Patent No. 7,143,328 bears a facial issue date of November 28, 2006 and is entitled "Auxiliary Data Transmitted Within A Display's Serialized Data Stream." ASUS presently lacks knowledge regarding the nature and extent of Plaintiff's rights, title, and interest in and to the '328 Patent, and on that basis denies such allegations. ASUS admits that it has no express license directly from Plaintiff to the '328 Patent, but denies that it needs such license, and specifically avers that it is informed and believes that it is a third-party beneficiary to at least a license between Plaintiff or its predecessor and Intel Corporation. ASUS denies the remaining allegations of this paragraph, including that the '328 Patent was duly and legally issued, and that ASUS practices the '328 patent at all, much less "knowingly, actively, or lucratively."

11. ASUS responds to NDT's allegation that, "[u]pon information and belief, ASUS has infringed directly and continues to infringe directly the '328 Patent," by objecting that NDT's complaint evidences a failure to perform an adequate pre-filing investigation into the accused instrumentalities, and ASUS accordingly intends to seek a determination, pursuant to 35 U.S.C. § 285, that this case is exceptional. ASUS denies the allegations of this paragraph, including, specifically, that ASUSTeK has engaged in any relevant activities in the United States; that ACI has made any product in the United States, including but not limited to the listed products; and that any product that ASUS has manufactured, used, sold, imported, and/or offered for sale infringes any valid claim of the '328 patent.

12. ASUS denies that it has infringed any valid claim of the '328 patent. ASUS further denies that Plaintiff has suffered any damage due to any action of ASUS, that Plaintiff is entitled to any monetary damages from ASUS, that ASUS has caused Plaintiff any harm. ASUS avers that the remaining allegations of this

paragraph are purported conclusions of law to which no response is required, but for avoidance of doubt, ASUS denies such allegations.

13. ASUS admits that it first had knowledge of the '328 Patent when the complaint in this action was served. ASUS denies that this has any bearing on the issue of willfulness, and denies that it had knowledge of said patent prior to service of the complaint. ASUS denies the remaining allegations in this paragraph.

### COUNT III: INFRINGEMENT OF U.S. PATENT NO. 5,835,498

14. ASUS admits that U.S. Patent No. 5,835,498 bears a facial issue date of November 10, 1998 and is entitled "System and Method For Sending Multiple Data Signals Over a Serial Link." ASUS presently lacks knowledge regarding the nature and extent of Plaintiff's rights, title, and interest in and to the '498 Patent, and on that basis denies such allegations. ASUS admits that it has no express license directly from Plaintiff to the '498 Patent, but denies that it needs such license, and specifically avers that it is informed and believes that it is a third-party beneficiary to at least a license between Plaintiff or its predecessor and Intel Corporation. ASUS denies the remaining allegations of this paragraph, including that the '498 Patent was duly and legally issued, and that ASUS practices the '498 patent at all, much less "knowingly, actively, or lucratively."

15. ASUS responds to NDT's allegation that, "[u]pon information and belief, ASUS has infringed directly and continues to infringe directly the '498 Patent," by objecting that NDT's complaint evidences a failure to perform an adequate pre-filing investigation into the accused instrumentalities, and ASUS accordingly intends to seek a determination, pursuant to 35 U.S.C. § 285, that this case is exceptional. ASUS denies the allegations of this paragraph, including, specifically, that ASUSTeK has engaged in any relevant activities in the United States; that ACI has made any product in the United States, including but not limited to the listed products; and that any product that ASUS has manufactured,

used, sold, imported, and/or offered for sale infringes any valid claim of the '498 patent.

16. ASUS denies that it has infringed any valid claim of the '498 patent. ASUS further denies that Plaintiff has suffered any damage due to any action of ASUS, that Plaintiff is entitled to any monetary damages from ASUS, that ASUS has caused Plaintiff any harm. ASUS avers that the remaining allegations of this paragraph are purported conclusions of law to which no response is required, but for avoidance of doubt, ASUS denies such allegations.

17. ASUS admits that it first had knowledge of the '498 Patent when the complaint in this action was served. ASUS denies that this has any bearing on the issue of willfulness, and denies that it had knowledge of said patent prior to service of the complaint. ASUS denies the remaining allegations in this paragraph.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 7,599,439

18. ASUS admits that U.S. Patent No. 7,599,439 bears a facial issue date of October 6, 2009 and is entitled "Method and System for Transmitting N-Bit Video Data Over a Serial Link." ASUS presently lacks knowledge regarding the nature and extent of Plaintiff's rights, title, and interest in and to the '439 Patent, and on that basis denies such allegations. ASUS admits that it has no express license directly from Plaintiff to the '439 Patent, but denies that it needs such license. ASUS denies the remaining allegations of this paragraph , including that the '439 Patent was duly and legally issued, and that ASUS practices the '439 patent at all, much less "knowingly, actively, or lucratively."

19. ASUS responds to NDT's allegation that, "[u]pon information and belief, ASUS has infringed directly and continues to infringe directly the '439 Patent," by objecting that NDT's complaint evidences a failure to perform an adequate pre-filing investigation into the accused instrumentalities, and ASUS accordingly intends to seek a determination, pursuant to 35 U.S.C. § 285, that this

ANSWER TO AMENDED COMPLAINT 6 CASE No.: 2:15-cv-02401-JVS-DFM

case is exceptional.  ASUS denies the allegations of this paragraph, including, specifically, that ASUSTeK has engaged in any relevant activities in the United States; that ACI has made any product in the United States, including but not limited to the listed products; and that any product that ASUS has manufactured, used, sold, imported, and/or offered for sale infringes any valid claim of the '439 patent.

20. ASUS denies that it has infringed any valid claim of the '439 patent. ASUS further denies that Plaintiff has suffered any damage due to any action of ASUS, that Plaintiff is entitled to any monetary damages from ASUS, that ASUS has caused Plaintiff any harm.  ASUS avers that the remaining allegations of this paragraph are purported conclusions of law to which no response is required, but for avoidance of doubt, ASUS denies such allegations.

21. ASUS admits that it first had knowledge of the '439 Patent when the complaint in this action was served.  ASUS denies that this has any bearing on the issue of willfulness, and denies that it had knowledge of said patent prior to service of the complaint.  ASUS denies the remaining allegations in this paragraph.

## JURY DEMAND

22. Pursuant to Fed. R. Civ. P. 38, ASUS requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

23. ASUS denies that Plaintiff is entitled to any of the requested relief or any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

### Noninfringement

1. As required by 35 U.S.C. § 282(b), ASUS states that it has not infringed any valid claim of the '578 Patent, the '328 Patent, the '498 Patent, or the '439 Patent.

### Invalidity

2. As required by 35 U.S.C. § 282(b), ASUS states that the '578 Patent, the '328 Patent, the '498 Patent, and the '439 Patent are invalid pursuant to one or more provisions of Part II of Title 35, U.S. Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Failure to State a Claim

3. Plaintiff fails to state a claim upon which relief can be granted.

### Limitations on Damages

4. To the extent Plaintiff or its licensees have failed to properly mark or give notice as required by 35 U.S.C. § 287, Plaintiff's claims for relief and prayer for damages are limited in whole or in part. Plaintiff is barred by 35 U.S.C. § 288 from recovering costs.

### License and Exhaustion

5. Agreements, including between Plaintiff or its predecessors and Intel Corporation, authorize ASUS and/or its suppliers to practice one or more of the '578 Patent, the '328 Patent, the '498 Patent, and the '439 Patent. As a result of such licenses, any right of enforcement that Plaintiff might otherwise have had has been exhausted.

### Extraterritoriality

6. Plaintiff's claims for patent infringement are precluded in whole or in part to the extent that any accused functionality or acts are located or performed outside the United States.

### Laches and Waiver

7. Plaintiff's claims are barred or limited in whole or in part under the doctrines of laches and/or waiver.

ANSWER TO AMENDED COMPLAINT — 8 — CASE NO.: 2:15-cv-02401-JVS-DFM

### Unenforceability, Estoppel, and Unclean Hands

8. Plaintiff's claims are barred or limited in whole or in part under principles of equity, including estoppel and/or unclean hands as a result of (1) the failure of Plaintiff and/or prior owners of the '578 Patent, the '328 Patent, the '498 Patent, and the '439 Patent to provide complete information concerning those patents to standards-setting organizations, such as the Video Electronics Standard Association, despite having a duty to do so and/or (2) inconsistencies between representations that Plaintiff and/or prior owners previously made to standards-setting organizations and positions that Plaintiff has taken and/or will take in the present litigation.

### Reserved Defenses

9. ASUS reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, which may now exist or in the future may be available based on discovery and further factual investigation in this case.

Respectfully Submitted,

Dated: September 22, 2015

TURNER BOYD LLP

*/s/ Joshua M. Masur*
Joshua M. Masur (Cal. Bar. No. 203510)
*masur@turnerboyd.com*
Robert J. Kent (Cal. Bar. No. 250905)
*kent@turnerboyd.com*
TURNER BOYD LLP
702 Marshall Street, Suite 640
Redwood City, CA 94063
Telephone: (650) 521-5930
Facsimile: (650) 521-5931

*Attorneys for Defendants*
ASUSTek COMPUTER INC. and
ASUS COMPUTER INTERNATIONAL

ANSWER TO AMENDED COMPLAINT — 9 — CASE NO.: 2:15-cv-02401-JVS-DFM

## CERTIFICATE OF SERVICE

I certify that the foregoing document was electronically filed with the Clerk of the Court using the Electronic Case Filing system which will send notification of such filing to the attorneys who have registered for electronic service and consented to receipt of notifications of such filings for this Case.

Dated:       September 22, 2015          */s/ Joshua M. Masur*
                                         Joshua M. Masur